IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 6:15-CR-00004-JDK-KNM |
| BRODERICK LAMAIL JONES (8) | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On March 24, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance, a Class B felony, Defendant Broderick Lamail Jones, was sentenced on July 25, 2016, by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months. Pursuant to a binding plea agreement, the Court sentenced Defendant below the guideline imprisonment range to an imprisonment term of 60 months, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug abuse treatment and testing. Defendant completed his term of imprisonment and started his term of supervised release on June 14, 2019. The case was reassigned to United States District Judge Jeremy D. Kernodle on October 24, 2019. On April 17,

1

2020, pursuant to a transfer of jurisdiction, the case was transferred to the Northern District of Texas. The Court issued a warrant on March 11, 2024 due to violations of Defendant's conditions of supervised release. Jurisdiction was transferred back to the Eastern District of Texas on August 23, 2024.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on September 5, 2024, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was charged on February 28, 2024 with the offense of Count 1 Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. 846; and Counts 2 and 3 Possession with Intent to Distribute and Distribution of Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Case Number 6:24-CR-13, in the Eastern District of Texas, Tyler Division.

2. **Allegation 2 (mandatory condition): The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.** It is alleged that Defendant was charged on February 28, 2024 with the offense of Count 1 Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. 846; and Counts 2 and 3 Possession with Intent to Distribute and Distribution of Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Case Number 6:24-CR-13, in the Eastern District of Texas, Tyler Division.

3. **Allegation 3 (standard condition 1): The defendant shall not leave the judicial district without the permission of the Court or probation officer.** It is alleged that Defendant had contact with law enforcement on October 26, 2022, in Longview, Texas, and he did not have permission from the U.S. Probation Officer of the Northern District of Texas to be in the Eastern District of Texas.

4. **Allegation 4 (standard condition 3): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** It is alleged that Defendant did not answer truthfully the inquiries by the U.S. Probation Officer on October 27, 2022, regarding his contact with law enforcement on October 26, 2022.

    **5. Allegation 5 (standard condition 11):  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** It is alleged that Defendant was questioned by an officer with the Longview Police Department on October 26, 2022, but he denied having contact with law enforcement when he was questioned by the U.S. Probation Officer on October 27, 2022.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Possession with Intent to Distribute and Distribution of Methamphetamine and Aiding and Abetting, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was V. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 30 to 37 months, capped by the statutory maximum of 3 years.  If the Court finds by a preponderance of the evidence that

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant violated his conditions of supervised release by leaving the judicial district without permission, failing to answer truthfully the inquiries by the probation officer, and failing to notify the probation officer within 72 hours of contact with law enforcement, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of V, the guidelines provide a guideline imprisonment range for a Grade C violation of 7 to 13 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On March 24, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request a sentence of imprisonment of time served, to run concurrent with the sentence imposed in Criminal Action No. 6:24-CR-13, with no further term of supervised release  Mr. Machicek explained that Defendant has been in custody for the conduct giving rise to this petition for approximately thirteen months. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should

be revoked and that he should be sentenced to imprisonment for a term of time served, to run concurrent with the sentence imposed in Criminal Action No. 6:24-CR-13, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of time served, to run concurrent with the sentence imposed in Criminal Action No. 6:24-CR13, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of time served, to run concurrent with the sentence imposed in Criminal Action No. 6:24-CR-13, with no further term of supervised release.

So ORDERED and SIGNED this 24th day of March, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE